AO 245E    (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants  
Sheet 1

# UNITED STATES DISTRICT COURT

WESTERN    District of    TENNESSEE

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Organizational Defendants) |
| PT SERVICES, INC. | CASE NUMBER: 2:25CR20223-MSN |
| | Stewart D. Cables and Lee Howard Gerald |
| | Defendant Organization's Attorney |

**THE DEFENDANT ORGANIZATION:**

☑ pleaded guilty to count(s)   One (1), Two (2), Three (3), Four (4), Five (5) and Six (6) of the Information on 09/15/2025.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The organizational defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 42 U.S.C. § 7413(c)(2)(C) | Clean Air Act Tampering | 12/31/2019 | 1 |
| 42 U.S.C. § 7413(c)(2)(C) | Clean Air Act Tampering | 12/31/2016 | 2 |
| 42 U.S.C. § 7413(c)(2)(C) | Clean Air Act Tampering | 12/31/2014 | 3 |

The defendant organization is sentenced as provided in pages 2 through   4   of this judgment.

☐ The defendant organization has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant organization must notify the United States attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization must notify the court and United States attorney of material changes in economic circumstances.

Defendant Organization's  
Federal Employer I.D. No.:   XXXXXXXX

Defendant Organization's Principal Business Address:

P.T. Services, Inc.  
3215 Tulane Rd.  
Memphis, TN 38116

11/25/2025  
Date of Imposition of Judgment

s/ *Mark S. Norris*  
Signature of Judge

Mark S. Norris      U.S. District Judge  
Name of Judge      Title of Judge

11/25/2025  
Date

Defendant Organization's Mailing Address:

P.T. Services, Inc.  
3215 Tulane Rd.  
Memphis, TN 38116

AO 245E  (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 1A

Judgment—Page 2 of 6

DEFENDANT ORGANIZATION: PT SERVICES, INC.
CASE NUMBER: 2:25CR20223-MSN

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 42 U.S.C. § 7413(c)(2)(C) | Clean Air Act Tampering | 12/31/2011 | 4 |
| 42 U.S.C. § 7413(c)(2)(C) | Clean Air Act Tampering | 12/31/2016 | 5 |
| 42 U.S.C. § 7413(c)(2)(C) | Clean Air Act Tampering | 12/31/2014 | 6 |

DEFENDANT ORGANIZATION: PT SERVICES, INC.
CASE NUMBER: 2:25CR20223-MSN

Judgment—Page 3 of 6

# PROBATION

The defendant organization is hereby sentenced to probation for a term of :
Three (3) years

The defendant organization shall not commit another federal, state or local crime.

If this judgment imposes a fine or a restitution obligation, it is a condition of probation that the defendant organization pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant organization must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page (if indicated below).

Defendant P T Services shall follow the compliance program for a period of three (3) years as outlined in the additional probation terms.

## STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer and/or Environmental Protection Agency (EPA);

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer and/or EPA;

3) the defendant organization shall notify the probation officer/and or EPA ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer/and or EPA to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer and/or EPA within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees; and

7) the defendant organization shall not waste, nor without permission of the probation officer and/or EPA, sell, assign, or transfer its assets.

DEFENDANT ORGANIZATION: PT SERVICES, INC.
CASE NUMBER: 2:25CR20223-MSN

Judgment—Page 4 of 6

# ADDITIONAL PROBATION TERMS

## COMPLIANCE PROGRAM

PT Services, Inc. and its subsidiaries or affiliates ("Defendant"), through its authorized representative, agrees to the following monitoring and compliance measures during the term of Probation:

Definitions:

a. "Vehicle" means any (1) "motor vehicle" as defined under the Clean Air Act, 42 U.S.C. § 7550(2), which includes any self-propelled truck, semi-truck, car, van, camper, bus, or any other vehicle used to transport persons or property on streets or highways; and (2) "nonroad vehicle" as defined under the Clean Air Act, 42 U.S.C. § 7550(11), which includes any engine-powered vehicle such as construction, agricultural, or recreational equipment that is not designed for use on streets or highways.

b. "Vehicle tampering" means any steps taken to remove, render inoperable, override, modify, or alter any component of any vehicle's emissions control system, including but not limited to the selective catalytic reduction (SCR), exhaust gas recirculation (EGR), periodic trap oxidizer (PTOX), diesel particulate filter (DPF), diesel oxidation catalyst (DOC), or engine control module (ECM), or the onboard diagnostic (OBD) system.

c. "Defeat device" includes, but is not limited to, an "EGR delete," "DPF delete," "delete kit," "upgrade kit," "conversion kit," "tuner," "tune," "programmer," "block plate," "straight pipe," or any other device designed to override, modify, alter, or allow the removal of any component of a vehicle's emissions control system.

d. "Tampered vehicle" means any vehicle that has been modified pursuant to "vehicle tampering."

Terms:

1. The defendant agrees not to manufacture or sell, or offer to sell, or install any defeat device.

2. The defendant agrees not to engage in, or aid and abet, or conspire to, or cause others to engage in, vehicle tampering.

3. The defendant agrees to immediately cease operating any tampered vehicles it owns or operates (or that a subsidiary or affiliate owns or operates). The defendant will not sell or otherwise transfer any such vehicle intact or in a condition that allows the vehicle to be driven, unless it is restored. Within six months of Court approval of the Plea Agreement, the defendant agrees to restore, scrap or recycle any tampered vehicle it owns or operates. If any other vehicles are later identified as being tampered vehicles that are owned or operated by the defendant or its subsidiaries or affiliates, the defendant agrees to immediately cease operating and to restore, scrap or recycle those vehicles.

   a. For any tampered vehicles that are restored to stock, the defendant shall obtain and present a certification (attached) from a mechanic or dealership licensed by the vehicle's Original Equipment Manufacturer (OEM) that the vehicle has been restored to its certified configuration.

   b. For any tampered vehicles that are not restored to stock, the "long block" may be removed and sold for scrap, parts, or recycling, so long as the intake and exhaust manifolds are removed. The manifolds must be sold for scrap or otherwise disposed of. Any other emission control components that have been tampered with must be sold for scrap or otherwise disposed of. The remainder of the vehicle can be sold for scrap, parts, or recycling.

4. For any tampered vehicle, the defendant agrees not to work on, repair, or service (1) the OBD system or (2) any hardware relating to the emissions control system, including the SCR, EGR, PTOX, DPF, and DOC, except for the purpose of restoring the emissions control system on the tampered vehicle to its certified configuration, that is, restoring it to stock.

5. The defendant agrees to permit unrestricted entry to federal, state, and local officials to inspect premises, including hard copy and electronic documents, at any time and without advance notice, for violations of the Clean Air Act, 42 U.S.C. §§ 7413(c)(2) and 7522(c)(3).

DEFENDANT ORGANIZATION: PT SERVICES, INC.
CASE NUMBER: 2:25CR20223-MSN

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant organization must pay the following total criminal monetary penalties under the schedule of payments on Sheet 4.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 2,400.00 (due immediately) | $ 150,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant organization shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant organization makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant organization shall pay interest on restitution or a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant organization does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245E (Rev. 12/03) Judgment in a Criminal Case for Organizational Defendants
Sheet 4 — Schedule of Payments

DEFENDANT ORGANIZATION: PT SERVICES, INC.
CASE NUMBER: 2:25CR20223-MSN

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the organization's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C or ☐ D below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C or ☐ D below); or

**C** ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☑ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay $150,000 fine in three annual installments as follows: $50,000 due on or before December 31, 2025; $50,000 due on or before December 31, 2026; and $50,000 due on or before December 31, 2027 to the U.S. District Court Clerk's Office for disbursement to the Crime Victim's Fund (CVF). Pursuant to 18 U.S.C. § 3612(f)(1), the Defendant is obligated to pay interest on any fine exceeding $2,500 unless the fine is paid in full before the fifteenth day after the judgment. Further, pursuant to 18 U.S.C. § 3612(f)(3)(B), the Court limits the total of interest payable to 3% of the fine amount, which is $4,500.

All criminal monetary penalties are made to the clerk of the court.

The defendant organization shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant organization shall pay the cost of prosecution.

☐ The defendant organization shall pay the following court cost(s):

☐ The defendant organization shall forfeit the defendant organization's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.